UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DARREN MICHAEL SHIELDS, and CONNIE BOURQUE, Individually and on behalf of others similarly situated | CIVIL ACTION NO.: |
| VERSUS | HONORABLE JUDGE: |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | MAGISTRATE JUDGE: |

**PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION**

The complaint of DARREN MICHAEL SHIELDS and CONNIE BOURQUE, of lawful age and residents of the State of Louisiana, individually and on behalf of others similarly situated, herein represented by undersigned counsel, represent that:

1.

Made defendant herein is the following, to-wit:

a) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (STATE FARM), a foreign insurance company licensed to do and is doing business in the State of Louisiana.

2.

Defendant is truly indebted to the complainants in an amount commensurate with the damages sustained for the following, to-wit:

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.

Named complainants and potential class members were Louisiana resident policyholders of State Farm Mutual Automobile Insurance Company which is a foreign insurance company

authorized to do and doing business in Louisiana and which issues automobile insurance policies through its various entities to include State Farm Fire and Casualty Company and State Farm General Insurance Company

5.

As hereinafter more fully appears, the defendant breached its contractual obligations under policies issued in the State of Louisiana.

6.

The issues raised herein arise out of defendant's contractual relations created and issued within the State of Louisiana.

## BACKGROUND AND BASIS FOR CLAIMS

7.

On or about April 27, 2019, Complainant, Darren Michael Shield's vehicle, a 2008 Isuzu i-370 LS truck, was involved in an accident in the State of Louisiana.

8.

The Complainant's vehicle, a 2008 Isuzu i-370 LS truck, was severely damaged in this accident so that the estimate to repair the vehicle exceeded the value of the vehicle. Complainant made a claim against the collision coverage of his automobile policy with State Farm Mutual Automobile Insurance Company.

9.

On or about March 7, 2018, Complainant Connie Bourque's vehicle, a 2016 Toyota Rav4 XLE, was involved in an accident in the State of Louisiana.

10.

The Complainant, Connie Bourque's vehicle, a 2016 Toyota Rav4 XLE, was severely damaged in this accident so that the estimate to repair the vehicle exceeded seventy-five percent

of the value of the vehicle. Complainant made a claim against the collision coverage of her automobile policy with State Farm Mutual Automobile Insurance Company.

11.

State Farm Mutual Automobile Insurance Company is an automobile insurer which writes policies in Louisiana which policies, including the policies issued to Complainants, provides that in return for payment of a premium, State Farm Mutual Automobile Insurance Company will pay the actual cash value (ACV) of an insured vehicle when a total loss occurs.

12.

Beginning in or about 2017, to determine ACV, State Farm Mutual Automobile Insurance Company employed the use of a valuation product marketed and sold to it by Audatex (a Solera company) and called the Autosource Market-Driven Valuation ("Autosource").

13.

The aforementioned Autosource Market-Driven Valuation report is a product marketed exclusively to insurance companies like State Farm.

14.

Louisiana law requires insurers to use one of three methods to determine ACV for an insured's total loss vehicle as outlined in LSA-R.S. 22:1892.

15.

LSA-R.S. 22:1892B(5)(a) provides for the use of a fair market survey conducted using qualified retail automobile dealers in the local market, or the nearest reasonable market if there are no dealers in the local market.

16.

LSA-R.S. 22:1892B(5)(b) provides that the retail cost can be determined by a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation

documents generated by the database are provided to the first party claimant, or a guidebook that is available to the general public.

17.

LSA-R.S. 22:1892B(5)(c) provides for the use of a qualified expert appraiser selected and agreed upon by the insured and insurer.

18.

The relevant portion of the Autosource Market-Driven Valuation report for Complainant, Darren Michael Shields, is copied and inserted here:

AudaExplore

**Autosource**
**Market-Driven Valuation™**

State Farm Insurance is dedicated to delivering exceptional service to you in reference to your claim 18-8602-S2201 from loss date 04/27/2019 on a 2008 Isuzu i-370 LS 2WD 4D Short Bed Crew Cab. State Farm Insurance has selected Audatex, an independent vehicle valuation company, to prepare a comprehensive vehicle valuation for your vehicle. This valuation report was prepared specifically for your vehicle and represents a fair and accurate value driven by the retail used vehicle market.

In these pages, you will find:

=> Vehicle Inspection
=> Market Overview
=> Valuation Detail

**Market Value**
$6,997

**The Valuation Process**

The breadth and depth of the Audatex used vehicle database makes Autosource the most comprehensive market-driven valuation process available. Audatex has been determining locally sensitive, fair, and accurate market values for vehicles since 1985, with more than 30 million vehicles valued. The Autosource Market Value includes vehicles for sale at dealerships and private party sellers, starting right in the local market.

| Vehicle Base | | Odometer | | Options | | Condition | | Market Value |
|---|---|---|---|---|---|---|---|---|
| $7,272 | + | $ -70 | + | $ -25 | + | $ -180 | = | $6,997 |

**Valuation Detail**

| | Comparable Vehicle | Your Vehicle | Adjustment |
|---|---|---|---|
| **Price** | Lafayette, La | | **$7,272** |
| Odometer | 133,958 Mi(Actual) | 137,902 Mi(Actual) | -70 |
| Other Optional Equipment | | Trailer Hitch | 25 |
| Radio/Phone/Alarm Options | AM/FM CD Player | | -50 |
| Seats Condition | Minor Wear | Moderate Wear | -145 |
| Carpets Condition | Minor Wear | Moderate Wear | -35 |
| Int Trim Condition | Moderate Damage | Minor Damage | 55 |





2008 Isuzu i-370 LS 2WD 4D Short Bed Crew Cab

| | | | |
|---|---|---|---|
| Glass Condition | Good | Minor Wear | -55 |
| Headliner Condition | Good | Minor Wear | -40 |
| Ext Trim Condition | Minor Damage | Good | 40 |

| | |
|---|---|
| **Market Driven Value** | **$6,997** |
| General Sales Tax 8.450% | $591.25 |
| Deductible | -500.00 |
| Net Adjusted Market Value | $7,088.25 |

This valuation was processed using our Single Comparable valuation methodology.

**Valuation Notes**

- **Adjustments of Special Note**
  - A mileage adjustment of 1.75 cents per mile/kilometer has been applied. This adjustment is based on the vehicle year, vehicle category and market area. Mileage adjustments are capped at 40% of the vehicle's starting value.
  - Typical miles for this 2008 Isuzu i-370 in Louisiana is 148,248.
  - No special adjustments were made for this vehicle.
- **Information provided by State Farm Insurance**
  - Loss vehicle description was provided by State Farm Insurance
  - All values are in U.S. dollars.
- **Autosource Valuation Process**
  - Over 9,000,000 vehicles are entered weekly into the database used for researching this value. This database includes dealer inspected, dealer inventory, dealer advertised, phone verified and advertised private party vehicles.
  - The originating search area for this valuation was Lafayette, Louisiana.
- **Other Adjustments or Comments**
  - The tax was calculated based on a date of loss of 04/27/2019 using zip 70501-5127, in Lafayette, Lafayette County, Louisiana. The city may vary from search area to reflect correct tax location.
- **Conditioning Notes**
  - **INTERIOR**
    - **Seats**: 1 tear or wear hole greater than 1 credit card.
    - **Carpets**: 1 tear greater than 1 credit card in size.
    - **Int Trim**: Slight discoloration or wear.
    - **Glass**: 1-3 chips or bull's eyes less than 1 quarter in size, that are repairable.
    - **Headliner**: Slight stains.
  - **EXTERIOR**
    - **Body**: Noticeable or multiple parking lot dings. 1-3 dents or creases no greater than 1 credit card in size. No large impacts or collision dents.
    - **Paint**: More than 3 scrapes or large scratches up to 6 credit cards in length or diameter.
    - **Ext Trim**: No damage.
  - **TIRES**
    - **Front Tires**: Tires are in good condition.
    - **Rear Tires**: 30-79% of tread remains.

**Vehicle Description**

**VIN: 1GGCS13E488701057**

2008 Isuzu i-370 LS 2WD 4D Short Bed Crew Cab

**137,902 Miles Actual**

5cyl gasoline 3.7

4 Speed Automatic

Claim 18-8602-S2201 Request 49605528 Page 2

19.

The Autosource Market-Driven Valuation describes the base value or "Market Driven Value" for Complainant's 2008 Isuzu i-370 truck with 138k miles as $6,997.00.

20.

The Autosource Market-Driven Valuation report adds an 8.450% vehicle tax of $591.25. and applies a deductible in the amount of $500.00. The "Net Adjusted Market Value" is the sum of these amounts: $7,088.25.

21.

As an example of a generally recognized used motor vehicle industry source, NADA valuation reports for Daren Michael Shields' vehicle described its "Clean Retail" value as $8,775.00 adjusted for mileage and options before applying tax and deductible, so that the total paid to Complainant using a lawful valuation method would have been higher than the Autosource total.

22.

The relevant portion of the Autosource Market-Driven Valuation report for Complainant, Connie Bourque, is copied and inserted here:

AudaExplore a Solera company

**Autosource**
**Market-Driven Valuation™**

State Farm Insurance is dedicated to delivering exceptional service to you in reference to your claim 18-00Z9-65W01 from loss date 03/07/2018 on a 2016 Toyota Rav4 XLE 2WD 4D Wagon. State Farm Insurance has selected Audatex, an independent vehicle valuation company, to prepare a comprehensive vehicle valuation for your vehicle. This valuation report was prepared specifically for your vehicle and represents a fair and accurate value driven by the retail used vehicle market.

In these pages, you will find:
=> Vehicle Inspection
=> Market Overview
=> Valuation Detail

**Market Value**
$19,928

**The Valuation Process**

The breadth and depth of the Audatex used vehicle database makes Autosource the most comprehensive market-driven valuation process available. Audatex has been determining locally sensitive, fair, and accurate market values for vehicles since 1985, with more than 30 million vehicles valued. The Autosource Market Value includes vehicles for sale at dealerships and private party sellers, starting right in the local market.

**Valuation Detail**

**1. 2016 Toyota Rav4 XLE 2WD 4D Wagon**

| | Comparable 1 | Your Vehicle | Adjustments |
|---|---|---|---|
| **Price** | Zachary, La | | **$19,950** |
| Odometer | 42,241 Mi(Actual) | 37,671 Mi(Actual) | 275 |
| | | Comparable 1 Adjusted Price | $20,225 |

**2. 2016 Toyota Rav4 XLE 2WD 4D Wagon**

| | Comparable 2 | Your Vehicle | Adjustments |
|---|---|---|---|
| **Price** | Zachary, La | | **$19,950** |
| Odometer | 28,367 Mi(Actual) | 37,671 Mi(Actual) | -560 |
| | | Comparable 2 Adjusted Price | $19,390 |

**3. 2016 Toyota Rav4 XLE 2WD 4D Wagon**

| | Comparable 3 | Your Vehicle | Adjustments |
|---|---|---|---|



| | | | 2016 Toyota Rav4 XLE 2WD 4D Wagon |
|---|---|---|---:|
| Price | Baton Rouge, La | | $20,401 |
| Odometer | 24,790 Mi(Actual) | 37,671 Mi(Actual) | -775 |
| | | Comparable 3 Adjusted Price | $19,626 |
| **4. 2016 Toyota Rav4 XLE 2WD 4D Wagon** | | | |
| | Comparable 4 | Your Vehicle | Adjustments |
| Price | New Orleans, La | | $18,542 |
| Odometer | 65,474 Mi(Actual) | 37,671 Mi(Actual) | 1,670 |
| | | Comparable 4 Adjusted Price | $20,212 |
| | | **Final Market Value Calculation** | |
| 1.2016 Toyota Rav4 XLE 2WD 4D Wagon | | | $20,225 |
| 2.2016 Toyota Rav4 XLE 2WD 4D Wagon | | | $19,390 |
| 3.2016 Toyota Rav4 XLE 2WD 4D Wagon | | | $19,626 |
| 4.2016 Toyota Rav4 XLE 2WD 4D Wagon | | | $20,212 |
| | | Average Price | $19,863 |
| **Condition** | | | |
| Category | Typical Condition | Loss Vehicle Condition | |
| Rear Tires Condition | Good | New | 65 |
| | **Total Condition Adjusted Market Value** | | **$19,928** |
| | | Sales Tax 10.500% | 2,092.44 |
| | | Deductible | -1,000.00 |
| | | Net Adjusted Value | $21,020.44 |

This valuation was processed using our Multiple Comparable valuation methodology.

**Vehicle Description**

**VIN: 2T3WFREV6GW246106**
2016 Toyota Rav4 XLE 2WD 4D Wagon
37,671 Miles Actual
4cyl Gasoline 2.5 DOHC
6-Speed Automatic

| | | | |
|---|---|---|---|
| Interior | Air Conditioning | Alarm System | Dual Zone Auto A/C |
| | Cruise Control | Center Console | Sport Seats |
| | Intermittent Wipers | Lighted Entry System | Overhead Console |
| | Power Door Locks | Power Quarter Windows | Power Windows |
| | Split Folding Rear Seat | Velour/Cloth Seats | Leather Steering Wheel |
| | Tachometer | Trip Computer | Tire Pressure Monitor |
| | Tilt & Telescopic Steer | | |
| Exterior | Bodyside Cladding | Rear Window Defroster | Keyless Entry System |
| | Heated Power Mirrors | Power Liftgate | Privacy Glass |
| | Roof/Luggage Rack | Rear Window Wiper/Washer | Rear Spoiler |
| | Power Moonroof | Aluminum/Alloy Wheels | |

Claim 18-00Z9-65W01          Request 45211329-2          Page 2

23.

The Autosource Market-Driven Valuation describes the base value or "Average Price" of the "Fair Market Value Calculation" for Complainant's 2016 Toyota Rav4 XLE with 25K miles as $19,863.00.

24.

The Autosource Market-Driven Valuation report adds a $65.00 condition adjustment, a 10.5% vehicle tax of $2,092.44 and applies a deductible in the amount of $1,000.00. The "Net Adjusted Value" is the sum of these amounts: $21,020.44.

25.

As an example of a generally recognized used motor vehicle industry source, NADA valuation reports for Connie Bourque's vehicle described its "Clean Retail" value as $20,050.00 adjusted for mileage and options and before applying tax and deductible, so that the total paid to Complainant using a lawful valuation method would have been higher than the Autosource total.

26.

Many times the Autosource Market-Driven Valuation report system applies an "adjustment" either positive or negative, by using comparable vehicles but without knowing or examining the condition of the comparables used.

## BREACH OF CONTRACT AND BAD FAITH

27.

Complainant represents that the Autosource valuation report used by State Farm Mutual Automobile Insurance Company is unlawfully low in its evaluations of vehicle values and that State Farm is aware of this fact.

28.

Complainant represents the Autosource valuation report is used by State Farm to intentionally undervalue total loss vehicles through the use of obscure adjustments which systematically reduce values derived from comparables and which does not comply with any of the methods required for valuation under LSA-R.S. 22:1892.

29.

Complainants represent that separate and apart from the Autosource valuation report, State Farm knew or should have known that other valuation systems such as NADA book values or Kelly Blue Book values are the generally accepted valuation tools.  These are used by individuals selling their vehicles, automobile dealerships and the like so that as a practical matter, complainants' vehicles cannot be replaced for the lower amount tendered by State Farm and moreover, the Autosource valuation report valuation does not represent either the actual cash value of the vehicle or the fair market retail value of the vehicle, the replacement value or the cost to purchase a comparable motor vehicle.

30.

On information and belief, under the collision provisions of their insurance policy with State Farm Mutual Automobile Insurance Company was obligated to pay for the "loss" of the Complainants' vehicles, individually and on behalf of other similarly situated.

31.

The parties intended and Louisiana statutory law demands that the "loss" be considered the fair market retail value of the vehicle.

32.

Complainants paid their premiums and submitted a claim to State Farm Mutual Automobile Insurance Company for the "loss" of their vehicle.

33.

State Farm Mutual Automobile Insurance Company paid only a portion of the "loss".

34.

Complainants allege that State Farm Mutual Automobile Insurance Company's refusal to pay the full amount of their "loss" under the terms and provisions of their insurance policy with

State Farm Mutual Automobile Insurance Company, is a breach of the contract between State Farm Mutual Automobile Insurance Company and the Complainants and similarly situated.

35.

On information and belief, State Farm Mutual Automobile Insurance Company has breached its contractual obligations to the Complainants and other similarly situated, through its use of a vehicle valuation system which intentionally undervalues the "loss".

36.

State Farm Mutual Automobile Insurance Company owes Complainants and others similarly situated, the fair retail value of their vehicle as their "loss" and not the lower value determined by its valuation system and State Farm Mutual Automobile Insurance Company's refusal to pay the difference in value is arbitrary and capricious and bad faith.

37.

State Farm Mutual Automobile Insurance Company's use of the Autosource Market-Driven Valuation report and its refusal to accept or pay the actual value of the vehicle as determined by a method authorized by LSA-R.S. 22:1892, the retail value generally accepted in the industry, is a breach of the terms and conditions of its policy with the Complainants and other similarly situated policy holders.

38.

On information and belief, State Farm Mutual Insurance Company employs the use of the Autosource Market-Driven Valuation report knowing that it will undervalue the "loss" of its policyholders' vehicles and further, that it knew this information at the time it entered into contract with the petitioners and others similarly situated.

## USE OF AUTOSOURCE VIOLATES LOUISIANA LAW

39.

The aforementioned is a violation of State Farm Mutual Insurance Company's affirmative duty to adjust claims fairly under the requirement of LSA-R.S. 22:1892 (formerly R.S. 22:658) and/or LSA-R.S. 22:1973 (formerly R.S. 22:1220) and it is therefore liable for penalties and attorney's fees.

40.

State Farm Mutual Insurance Company's use of the Autosource Market-Driven Valuation product caused Complainants and others similarly situated to be paid less than they or they would have been had State Farm used a valuation method allowed by LSA-R.S. 22:1892B5.

41.

State Farm Mutual Insurance Company's use of the Autosource Market-Driven Valuation Report violates Louisiana law and specifically, LSA-R.S. 1892 (B)(5)(b) in that the Autosource Market-Driven Valuation Report is not a "generally recognized used motor vehicle industry source" but instead a tool employed for the specific purpose of undervaluing claims and thereby cheating its policy holders.

42.

Complainants specifically allege that the Autosource Market-Driven Valuation Report is not a "generally recognized used motor vehicle industry source" within the intendment of R.S. 22:1892 (B)(5)(b). Autosource Market-Driven Valuation Reports are not used by any person or entity in the used vehicle industry. It is marketed exclusively to insurance companies with the intent of providing increased profits to its insurance company customers by undervaluing total loss vehicle claims.

43.

Complainants further allege that the Autosource Market-Driven Valuation Report is not a "fair market value survey" as authorized under LSA-R.S. 22:1892B(5)(a) as it uses national data bases and algorithms relying on nationally compiled data to determine its values.

44.

State Farm Mutual Insurance Company's use of the Autosource valuation system is bad faith within the intendment of LSA-R.S. 22:1973 and has caused Complainants and other similarly situated damages and entitles Complainants and similarly situated to penalties under that statute.

45.

Complainants specifically allege that State Farm Mutual Insurance Company has violated statutorily imposed duty under LSA-R.S. 22:1973A which requires an insurer to adjust claims promptly and fairly and to make a reasonable effort to settle claims with its insured.

46.

Complainants specifically allege State Farm Mutual Insurance Company has violated LSA-R.S. 22:1973(B)(5) in that more than 60 days have passed since they submitted satisfactory proof of loss to State Farm Mutual Insurance Company but to date, they have not paid the full amount due under the terms of the insurance contract.

47.

On information and belief, State Farm Mutual Insurance Company employs a system which specifically misleads their insureds, intentionally undervalues their claims, and intentionally refuses to negotiate all of which violate Louisiana law and the affirmative duty of good faith and fair dealing that State Farm owes its insureds.

48.

Complainants alleged that to the extent that State Farm Mutual Insurance Company's insurance policy conflicts with Louisiana State Law it should be deemed amended to conform and comply with the law.

## DAMAGES

49.

Defendant is liable to complainant individually and on behalf of others similarly situated for all damages including but not limited to:

a) The difference between State Farm Mutual Insurance Company's actual cash value determination and the actual cash value as determined by a means which complies with the requirements of La. R.S. 22:1892 and La. R.S. 22: 1973;

b) Penalties;

c) Attorney's fees;

## CLASS ACTION

50.

Complainants pray that this matter be certified and maintained as a class action on behalf of all past and present State Farm Mutual Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims valued through the use of the Autosource Market-Driven Valuation Report system and/or other unfair valuation tools used by State Farm Mutual Insurance Company.

51.

Complainants represent that the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States, so that joinder of all members is impractical.

52.

Complainants represent that the questions of law and fact are common to the class which include the following, to-wit:

i. Is Autosource Market-Driven Valuation Report a "generally recognized used motor vehicle industry source" or a "fair market value survey" required under Louisiana State Law?

ii. Does defendant's use of the Autosource Market-Driven Valuation Report system constitute bad faith and/or breach of contract?

53.

Complainants represent that the claims and defenses of the representative parties are typical of the claims or defenses of the class.

54.

Complainants represent that while the injury/damage may vary, the measure of injury is uniform, i.e., the difference between the value determined under the Autosource Market-Driven Valuation Report system and the actual cash value as determined by a method that complies with La. R.S. 22:1892B(5), such as NADA, Kelley Blue Book or another generally recognized used motor vehicle industry source, along with associated statutory penalties.

55.

Complainants represent that the damages can be determined on a class wide basis by using some of the data relied upon by Autosource in its computations (i.e. year, make, model and mileage of the vehicle) and using a legal source for the value of the vehicles such as NADA.

56.

Complainants are members of the class they seek to represent, and their interests coincide with, and are not antagonistic to the other class members.  Complainants are a representative party and will fairly and adequately protect the interest of the class.

57.

Complainants represent that the class is or may be defined objectively in the terms of ascertainable data such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

58.

Complainants further represent that the prosecution of separate actions by or against individuals of the class would create a risk of inconsistent or varying adjudications with respect to individual members and would establish incompatible standards of conduct for the party opposing the class.

59.

Complainants represent that the class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

60.

Complainants pray for a trial by jury.


WHEREFORE, Complainants, DARREN MICHAEL SHIELDS and CONNIE BOURQUE, individually and on behalf of others similarly situated, pray that defendant, State Farm Mutual Automobile Insurance Company, be served with a certified copy of this complaint and be cited to appear and answer same, that after all legal delays and due proceedings had, there be a trial by jury, there be judgment rendered herein in favor of complainant and against defendant for such damages as are reasonable in the premises, with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for attorney's fees, and for all general and equitable relief allowed by law.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, APLC

 /s/ Kenneth D. St. Pe´
KENNETH D. ST. PÉ, La. Bar Roll No. 22638
311 W. University Ave., Suite A
Lafayette, LA  70506
(337) 534-4043

THE MURRAY FIRM

 /s/ Stephen B. Murray, Sr.
STEPHEN B. MURRAY, SR. (Bar Roll No. 9858)
STEPHEN B. MURRAY, JR. (Bar Roll No. 23877)
ARTHUR M. MURRAY (Bar Roll No. 27694)
DEVIN LOWELL (Bar Roll No. 36555)
650 Poydras Street, Suite 2150
New Orleans, LA  70130
(504) 525-8100


LAW OFFICES OF KENNETH W. DEJEAN

 /s/ Kenneth W. DeJean
Kenneth W. DeJean (Bar Roll #:  4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294


WHALEY LAW FIRM


 /s/ John Randall Whaley
JOHN RANDALL WHALEY (#25930)
BENJAMIN H. DAMPF (#32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA  70806
Phone:  225-302-8810