UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DARREN MICHAEL SHIELDS, ET AL.** : **CASE NO. 6:19-CV-01359**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.** : **MAGISTRATE JUDGE HANNA**

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 7] filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm") under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Darren Michael Shields and Connie Bourque oppose the motion. Doc. 14.

I.
BACKGROUND

This lawsuit is one of several pending in United States district courts, challenging the valuation systems used by car insurers to determine cash value of vehicles on total loss claims. Plaintiffs in this matter are two Louisiana residents who had insurance policies through State Farm. Under the terms of these policies, State Farm agreed to pay the owner the actual cash value ("ACV") of the insured vehicle upon the occurrence of a total loss. To determine the ACV, State Farm used a valuation product known as the Autosource Market-Driven Valuation ("Autosource"), which was developed by a company known as Audatex and allegedly marketed exclusively to insurance companies. Doc. 1, ¶¶ 7–13.

Plaintiff Shields filed a claim under his collision coverage, after his 2008 Isuzu i-370 LS truck was involved in an accident that occurred on or about April 27, 2019. *Id.* at ¶¶ 7–8, 18. Under the Autosource valuation report, State Farm determined that his vehicle had a base value of $7,272.00 and adjusted value of $6,997.00 after application of condition adjustments. *Id.* Plaintiff Bourque also filed a claim under her collision coverage, based on damage sustained to her 2016 Toyota Rav4 XLE in an accident occurring on or about March 7, 2018. *Id.* at ¶¶ 9–10, 21. Under the Autosource valuation report, State Farm determined that her vehicle had a base value of $19,863.00 and adjusted value of $19,928.00, after application of condition adjustments. *Id.* Meanwhile, plaintiffs allege, the National Automobile Dealers Association ("NADA") Appraisal Guides suggest "clean retail" values of $8,775.00 and $20,050.00 for their vehicles, respectively, after adjustments "for mileage and options." *Id.* at ¶¶ 21, 25.

Plaintiffs challenged the valuation reports by suit filed in this court on October 16, 2019. They allege that Autosource undervalued their vehicles by unjustifiably applying certain condition adjustments, and that State Farm was aware of this, resulting in intentional failure to fully compensate plaintiffs for the loss of their vehicles – in other words, a bad faith breach of contract. *Id.* at ¶¶ 27–38. They also maintain that State Farm violated the Louisiana Insurance Code by using the Autosource valuation system, because it is not one of the methods under Louisiana Revised Statute 22:1892(B)(5), and violated its duty of good faith and fair dealing under Louisiana Revised Statute § 22:1973. *Id.* at ¶¶ 39–48. Finally, they seek certification on behalf of State Farm policyholders who have been similarly undercompensated based on the use of Autosource. *Id.* at ¶¶ 50–59.

State Farm now brings this motion to dismiss, asserting that (1) plaintiffs' allegations demonstrate that Autosource actually complies with the Louisiana Insurance Code and (2) plaintiffs' breach of contract claim, and therefore their § 22:1973 claim, fail as a matter of law.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.)*, 594 F.3d at 387.

### B. Application

#### 1. Alleging a cause of action under the Louisiana Insurance Code

Under the Louisiana Insurance Code, insurers who adjust "first party motor vehicle total losses on the basis of actual cash value or replacement" may only derive the vehicle's cash value from certain sources, including "[a] fair market value survey conducted using qualified retail automobile dealers in the local market area as resources" or the nearest reasonable market, if there are no dealers in the local market area. La. Rev. Stat. § 22:1892(B)(5)(a). The "local market area" is defined under this statute as "a reasonable distance surrounding the area where a motor vehicle is principally garaged, or the usual location of the vehicle covered by the policy." *Id.* at § 22:1892(B)(5)(d). Alternatively, an insurer may use "the retail cost as determined from a generally recognized motor vehicle industry source" or a "qualified expert appraiser" agreed upon by the insurer and insured. *Id.* at § 22:1892(B)(5)(b)–(c). Louisiana Revised Statute § 22:1973 provides: "An insurer . . . owes to his insured a duty of good faith and fair dealing. The insured has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

#### a. Whether Autosource is a fair market value survey

State Farm first asserts that its valuation system complies with the fair market value survey described above, and that plaintiffs therefore cannot sustain a claim for statutory penalties. Plaintiffs have alleged, however, that Autosource falls short of § 1892(B)(5)(a)'s requirements because it uses "national data bases and algorithms relying on nationally

compiled data to determine its values." Doc. 1, ¶ 43. The full Autosource valuation reports for Shields's and Bourque's vehicles show that the plaintiffs are from the Lafayette, Louisiana area. Autosource used comparator vehicles from the cities of Zachary, Baton Rouge, and New Orleans, Louisiana, for Bourque's vehicle and obtained details about these vehicles through cars.com and NOLALive.com.[1] *See* doc. 7, att. 3. The report for Shields's vehicle shows only one comparator, located in Lafayette, Louisiana, and obtained from a source called "Vast." Doc. 7, att. 4. In both cases, the advertised prices of the comparable vehicles were adjusted downwards by several hundred dollars "to account for typical negotiation."

The court agrees that nothing in the Louisiana Insurance Code categorically excludes the use of national databases to obtain information on local markets. At this stage of the litigation, however, plaintiffs have adequately alleged that Autosource does not yield the local market survey contemplated under § 22:1892(B)(5)(a). The court would require additional evidence to determine the viability of these claims, particularly relating to the nature of the "local market," the deductions applied by Autosource to its comparable vehicles, and the comprehensiveness and accuracy of the results yielded. The motion to dismiss should be denied on this basis, as this court has done for virtually identical claims. *See Prudhomme v. Geico Ins. Co.*, 2018 WL 1371240 (W.D. La. Feb. 9, 2018), *report and recommendation adopted*, 2018 WL 1368335 (W.D. La. Mar. 16, 2018).

---

[1] The first page of the reports for both plaintiffs' vehicles are excerpted in the petition, while the full reports are attached to State Farm's motion. Because the full reports are referenced in and central to the complaint, the court may consider them as part of this motion to dismiss without converting it to a motion for summary judgment.

### b. *Whether the Autosource valuation system is a generally recognized used motor vehicle industry source*

Alternatively, State Farm asserts that the statutory claims must be dismissed because plaintiffs' conclusory allegations fail to show that Autosource is not a "generally recognized used motor vehicle industry source" under § 1892(B)(5)(b). Plaintiffs have alleged that the valuation system does not qualify under this provision because it is used exclusively by insurers and is not available to consumers. The court finds these allegations sufficient at the pleading stage – there is no heightened pleading standard for this claim. *Slade v. Progressive Sec. Ins. Co.*, 2013 WL 12182957, at *6 (W.D. La. Feb. 4, 2013). To the extent the valuation system was crafted for and made exclusively available to automobile insurers, it does not appear to be a source of the "used motor vehicle industry" like the comparators offered by plaintiffs (namely, Kelley Blue Book and the NADA appraisal guides).[2] *See id.* Accordingly, there is no basis for dismissing plaintiffs' statutory claims.

### 2. *Breach of contract claim*

State Farm also alleges that plaintiffs' contract claim and claim under Louisiana Revised Statute § 22:1793 fail, because plaintiffs have not identified a contract provision that was breached through State Farm's use of Autosource. In this matter, however, plaintiffs have alleged that both the policy and Louisiana law require the insurer to pay fair

---

[2] USAA also emphasizes a 2009 finding by the United States District Court for the District of Columbia that Autosource and similar insurance industry methodologies are more "accurate, detailed, [and] up-to-date" than the Kelley Blue Book and NADA Appraisal Guides. *See F.T.C. v. CCC Holdings, Inc.*, 605 F.Supp.2d 26, 42 (D.D.C. 2009). This finding is over ten years old and not binding on our court. Additionally, it has no bearing on the question of whether the methodology meets the Louisiana statute's definition of a "used motor vehicle industry source."

market value on a total loss claim. Doc. 1, ¶¶ 30–31. They have also alleged that State Farm breached this obligation by using Autosource, through which it failed to arrive at a fair market value for the vehicles and deliberately undervalued their claims. This court has already recognized a claim based on similar allegations in *Prudhomme v. Geico Insurance Company*, 2015 WL 2345420 (W.D. La. May 14, 2015). As Judge Haik observed there, a viable breach of contract claim also gives rise to a viable claim for the breach of an insurer's duty of good faith under Louisiana Revised Statute § 22:1973. Accordingly, this argument provides no basis for dismissal.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 7] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 19th day of February, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**