UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DARREN MICHAEL SHIELDS, ET AL. | CIVIL ACTION NO. 6:19-cv-01359 |
| VERSUS | JUDGE CAIN |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the court is the defendant's motion to dismiss and strike the class allegations set forth in the plaintiffs' complaint. (Rec. Doc. 27). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

The plaintiffs' complaint was filed on October 16, 2019. The plaintiffs alleged that they obtained automobile insurance from the defendant and further alleged that when their vehicles were found by the defendant to be total losses, the defendant used an improper method of valuing their vehicles. The defendant responded to the plaintiffs' complaint by filing a motion to dismiss. The district judge held oral argument on that motion on February 18, 2020 (Rec. Doc. 21), and he also held a status conference in chambers that same day. The minutes of the status conference (Rec. Doc. 22) states that the conference was held for the purpose of

discussing scheduling, stated that the court had designated the case as complex, and stated that if the motion to dismiss was denied then counsel were to confer and submit a proposed scheduling order within sixty days of the ruling "containing deadlines up through the class certification phase." (Rec. Doc. 22). The next day, February 19, 2020, the court issued its memorandum ruling (Rec. Doc. 23) and judgment (Rec. Doc. 24), denying the motion to dismiss. Accordingly, the parties then had sixty days from that date in which to confer and submit a proposed scheduling order.

Before the expiration of that sixty day period, the defendant filed the instant motion, seeking to have the plaintiffs' class allegations stricken from the complaint.

## **Law and Analysis**

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[1] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when

---

[1] *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

required for the purposes of justice."[2]  Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[3]  Furthermore, such motions generally are not granted unless the movant shows it has been prejudiced.[4]

In this case, the defendant did not mention Rule 12(f) in its motion and did not allege that the plaintiff included anything in their complaint that was redundant, immaterial, impertinent, or scandalous; instead, the defendant is attempting to enforce a deadline set forth in the court's local rules.

Pursuant to Federal Rule of Civil Procedure 23, which governs class actions, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."[5]  The rule sets no specific time frame for such a determination, but the court's local rules require that a motion for class certification must be filed within ninety days after the filing of the complaint.[6]  Before the expiration of the ninety day period, the

---

[2] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[3] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[4] See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

[5] Fed. R. Civ. P. 23(c)(1)(A).

[6] Local Rule 23.1(B).

court may extend the deadline for good cause shown.[7]  If the ninety-day period is allowed to expire without a motion for extension of the deadline having been filed, the court may grant an extension of time for good cause if the plaintiff failed to act because of excusable neglect.[8]  Rule 6(b) grants district courts "broad discretion to expand filing deadlines."[9]

In this case, the defendant responded to the plaintiffs' complaint with a motion to dismiss, which had not yet been resolved when the ninety-day time period elapsed. Technical compliance with Rule 23.1 would have required the plaintiffs to file a motion for continuance of the ninety-day deadline.  However, this Court, exercising its discretion, finds that there are three reasons why the plaintiffs should not be penalized for missing the deadline under the unique facts presented in this case.

First, the defendants have not established that they were prejudiced in any way by the plaintiff's failure to comply with the ninety-day deadline.  This litigation remains in its earliest stages, no discovery was conducted until after the motion to dismiss was resolved, and discovery will be necessary to support or oppose class certification.  Therefore, the delay in scheduling class certification does not work against the defendants in any meaningful way.

---

[7]  Local Rule 23.1(B).

[8]  See Fed. R. Civ. P. 6(b)(1)(B).

[9]  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).

Second, a timely motion for an extension of the deadline would likely have been granted. The purpose of the ninety-day deadline is to assure a quick and efficient pathway to class certification. But no progress toward that goal would have been possible until the defendant's motion to dismiss was resolved. Therefore, the existence of the pending motion to dismiss at the time of the expiration of the ninety-day deadline would likely have been found to constitute good cause for an extension of the deadline.

Third, the minutes of the district court's status conference indicates that the district court did not contemplate striking the class allegations even though the ninety-day deadline had already elapsed and no motion for an extension of the deadline had been filed. While the minutes do not expressly state that the district court was suspending Rule 23.1 or extending the ninety-day deadline, it does state that, should the motion to dismiss be denied, the parties should then submit an agreed-upon proposed scheduling order "containing deadlines up through the class certification phase."[10] Because the minutes were issued following a status conference with counsel, it must be presumed that the district court was fully aware of the status of the case and contemplated that the litigation would move forward to the class certification phase if the motion to dismiss was denied – which it was.

---

[10] Rec. Doc. 22.

Counsel for the plaintiffs are admonished that they should, in the future, *always* file a motion seeking to extend the Rule 23.1 deadline *before* the deadline expires. In this case, however, no prejudice has occurred, there was good cause for extending the deadline, and the district court contemplated the class certification procedure moving forward. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss and strike class allegations (Rec. Doc. 27) is DENIED.

Signed at Lafayette, Louisiana, this 22nd day of April 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE