# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

DARREN MICHAEL SHIELDS ET AL.        CASE NO.  6:19-CV-01359

VERSUS                               JUDGE JAMES D. CAIN, JR.

STATE FARM MUTUAL AUTOMOBILE    MAGISTRATE JUDGE PATRICK J.
INSURANCE CO.                        HANNA

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 72] filed by defendant State Farm Mutual Automobile Insurance Company. Plaintiff opposes the motion. Doc. 102.

## I.
### BACKGROUND

This lawsuit challenges a valuation system used by car insurers to determine cash value of vehicles on total loss claims. Plaintiffs Darren Shields and Connie Bourque are two Louisiana residents who had insurance policies through State Farm. Under the terms of these policies, State Farm agreed to pay the owner the actual cash value ("ACV") of the insured vehicles upon the occurrence of a total loss. To determine the ACV, State Farm used a valuation product known as the Autosource Market-Driven Valuation ("Autosource"), which was developed by a company known as Audatex and allegedly marketed exclusively to insurance companies. Doc. 1, ¶¶ 7–13.

Plaintiff Shields filed a claim under his collision coverage, after his 2008 Isuzu i-370 LS truck was involved in an accident that occurred on or about April 27, 2019. *Id.* at

¶¶ 7–8, 18. Plaintiff Bourque also filed a claim under her collision coverage, based on damage sustained to her 2016 Toyota Rav4 XLE in an accident occurring on or about March 7, 2018. *Id.* at ¶¶ 9–10, 21. Both plaintiffs challenge the adjusted value of their vehicles, as determined by the Autosource valuation report, and allege that it resulted in their claims being undervalued compared to values derived from publicly available sources like Kelly Blue Book or NADA Guides. They filed suit in this court on October 16, 2019, invoking the court's jurisdiction under 28 U.S.C. § 1332 and alleging that State Farm's use of Autosource resulted in a breach of the insurance contract as well as violations of Louisiana law. *Id.* at ¶¶ 27–48. They seek certification on behalf of State Farm policyholders who have been similarly undercompensated based on the use of Autosource. *Id.* at ¶¶ 50–59.

On a prior motion for summary judgment, the court dismissed plaintiff Shields's claims on the grounds of judicial estoppel as a result of his failure to disclose this suit in his bankruptcy proceedings. Doc. 67. The parties are now before the court on motions pending prior to their class certification hearing. State Farm moves for partial summary judgment on (1) its assertion that the NADA Guides value does not represent the ACV of the vehicle and (2) the claims for bad faith under Louisiana Revised Statute 22:1892 and 22:1973. Doc. 72. Plaintiff Bourque opposes the motion. Doc. 102.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Plaintiff asserts that these motions are premature, and the court agrees. The scheduling order issued by Magistrate Judge Hanna on September 29, 2020, provided that certain motions, including motions for summary judgment on individual claims, must be filed by May 14, 2021—before the certification hearing, which had not been set at that point. Doc. 56. The joint Rule 26(f) report filed beforehand, however, indicates that the parties disagreed "on whether individual motions for summary judgment are appropriate prior to a decision on class certification" and plaintiff maintains her position that they are not. Doc. 41, p. 6 n. 3; *see* doc. 102, pp. 13–15. Plaintiff also properly indicated there that she anticipated disclosing experts on the merits questions after a decision was made on class certification. Doc. 41, p. 5.

A dispositive motion that disposed of all of the claims in this matter would save the court the trouble of a certification hearing, but that is not the case with these motions. Regardless of whether State Farm acted in bad faith in selecting and applying Autosource, or whether the NADA values themselves represent a fair market survey, the plaintiff and putative class members could still have claims for compensatory damages to the extent that Autosource does not comport with § 22:1892(B)(5) and results in undervaluing of total loss claims. The court will set expert disclosure and dispositive motion deadlines once this case is set for trial, regardless of whether a class is certified, and declines to bind itself with rulings on motions for partial summary judgment before that time.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment and Motion

for Summary Judgment [doc. 72] will be **DENIED** as premature.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**